Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ASHLEY TEST**, | Case No. 3:24-cv-01371 |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| | Unlawful Employment Practices (ORS 659A.030, ORS 659A.112, ORS 659A.199) |
| **PYRAMID DELUXE MANAGEMENT LLC,** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

_____

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive

damages, and attorney fees for herself to redress injuries done to her by Defendant,

Page 1 – COMPLAINT

its officers, employees, or agents in contravention of her state protected rights under ORS 659A.030(1)(f), ORS 659A.112, and ORS 659A.199.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §§ 1332, 1343 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

At all material times, Defendant Pyramid Deluxe Management LLC was and is a foreign limited liability company with its principal place of business in The Woodlands, Texas. On information and belief, Defendant Pyramid Deluxe Management LLC manages the Hotel deluxe.

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Portland, Oregon.

6.

Plaintiff is and was at all material times a resident of Gresham, Oregon.

7.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of

Page 2 – COMPLAINT

Defendant's employees, supervisors, and management. On information and belief, Defendant allowed Plaintiff and other employees to be managed and/or supervised by employees of other entities including but not limited to Pyramid Global Hospitality and/or Aspen Mallory Holdings, LLC.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment on the basis of her disability, and retaliated against Plaintiff for reporting unlawful employment practices, including but not limited to hostile work environment and evidence she reasonably believed were violations of law, rule and/or regulation.

9.

At all material times herein, Defendant employed six or more employees.

10.

Plaintiff suffers from serious medical conditions which affect one or more major life activity, including but not limited to thinking, communicating, interacting with others, and working. Despite Plaintiff's disabilities, her perceived disabilities, and/or record of her disabilities, she was able, with or without accommodation, to perform the essential functions of her position with Defendant. During her employment with Defendant, Plaintiff disclosed the nature of her disabilities and the treatment she was receiving for her disabilities to the General Manager ("GM") of Hotel deLuxe.

11.

Plaintiff began working for Defendant on or about June 25, 2023 as the Food and Beverage Manager at Hotel deLuxe in Portland, Oregon. Plaintiff has extensive experience in the food and beverage industry. She worked hard for Defendant and was good at her job.

Page 3 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

12.

Although the expectation was that Plaintiff would oversee the bar and that she would manage the bar supervisor, Defendant did not allow Plaintiff to oversee the bar or manage the bar supervisor despite her attempts to do so.

13.

In or about July or early August of 2023, she observed Defendant's GM and Defendant's bar supervisor allow a minor to serve alcohol in Defendant's Driftwood Room, which is a cocktail bar.

14.

Shortly thereafter, Plaintiff complained to Defendant's GM that she witnessed a minor serve alcohol at the Driftwood Room and that it is against the law to permit a minor to serve alcohol at the Driftwood Room. Defendant's GM responded, "What are they going to do, slap my hand? I will do it again if I have to! I'll do what I have to do!" or words to that effect. Plaintiff responded that the GM was jeopardizing Plaintiff's employment, and that Plaintiff would not allow a minor to serve alcohol at the Driftwood Room. Plaintiff also complained that the GM and the bar supervisor were violating the law by allowing a minor to serve alcohol at the Driftwood Room. Defendant's GM replied that she would "fire everyone in this building before I let [the bar supervisor] go." or words to that effect.

15.

On or about August 9, 2023, Plaintiff inquired with the Oregon Liquor and Cannabis Commission ("OLCC") to confirm whether a minor is allowed to serve alcohol in the Driftwood Room. The OLCC responded that it was a violation of the law to allow a minor to serve in the Driftwood Room.

///

///

Page 4 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

16.

Plaintiff informed Defendant's GM that she had contacted the OLCC for guidance on whether a minor is allowed to serve alcohol at the Driftwood Room, and that the OLCC confirmed Plaintiff's understanding that it was a violation of the law to allow a minor to serve alcohol. Defendant's GM yelled at Plaintiff for making the report to the OLCC. Defendant's GM exclaimed that Plaintiff had "sicced the OLCC on us!" or words to that effect.

17.

On or about August 11, 2023, Plaintiff distributed a page from an OLCC manual to Defendant's management.

18.

Defendant's GM told Plaintiff on multiple occasions that she wanted the chef to be fired because she felt that he made too much money.

19.

In or around early August 2023, Plaintiff discovered that the schedules prepared for Defendant's employees were being altered in violation of Oregon's predictive scheduling laws. Although the changes to the schedule were being made under Plaintiff's name, Plaintiff understood that the bar supervisor or Defendant's GM had made the changes because to her knowledge they were the only other people who had access to the schedules at that time and at least some of the changes were made while Plaintiff was not on site. Plaintiff reported to Defendant's GM that Defendant was violating Oregon's predictive scheduling law.

20.

On or about August 11, 2023, Plaintiff attended a manager meeting that included several of Defendant's management including Defendant's GM and Defendant's new Food and Drink Director. During the meeting, Plaintiff felt

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

Defendant's GM was purposely attempting to trigger Plaintiff's disabilities by blaming her for things Defendant's GM knew Plaintiff had not done and by implying that Plaintiff was not doing her job. Plaintiff felt Defendant's GM was attempting to cause Plaintiff to react unprofessionally in front of Defendant's management. Plaintiff became upset by the allegations and excused herself from the room.  For example, Defendant's GM raised the following issues during the meeting:

1. Defendant's GM blamed Plaintiff for the alleged theft of liquor that Defendant believed had occurred during a recent banquet, which caused Plaintiff to feel that Defendant's GM was implying either that Plaintiff stole the liquor or that Plaintiff was not doing her job. When discussing the alleged theft, Defendant's GM told Plaintiff that Plaintiff should have kept inventory of liquor in the bar. Plaintiff reminded Defendant's GM that she offered to take inventory but was told that the bar supervisor was in charge of the liquor, and she was told that it was not her job to inventory the liquor. Plaintiff also explained that her attempts to oversee and/or manage the bar were denied.

2. Defendant's GM blamed Plaintiff for the changes in the schedule that caused the banquet to be understaffed. Plaintiff explained that she was not in charge of the schedule at that time and that she had not made the changes to the schedule.

3. Defendant's GM had previously suggested Plaintiff take over Defendant's social media accounts. Although Defendant's GM never provided Plaintiff with access to the social media accounts, Defendant's GM mentioned that Plaintiff was not doing her job because she had not been updating Defendant's social media accounts.

**BAKER LAW PC**
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

21.

After Plaintiff left the meeting, she called Defendant's Human Resources Department ("HR") to report that Defendant's GM and bar supervisor were violating laws, rules, and/or regulations; that Defendant's GM was retaliating against Plaintiff for reporting Defendant to the OLCC; and that Defendant's GM was purposely attempting to trigger Plaintiff's disabilities.

22.

On or about August 12, 2023, Plaintiff sent an email to the Food and Beverage Director and others who attended the meeting on August 11 apologizing for "allowing [her] emotions to show yesterday." She explained that she had been "stonewalled and backed into many unfair situations" some of which made Plaintiff feel "as if [her] character could be questioned and in all honesty against [her] own morality." Plaintiff further expressed that "It is very hard to fulfill one's job when you are in a hostile environment with someone that threatens people's Livelihood [*sic*]."

23.

Defendant suspended Plaintiff's employment over the weekend, and then allowed Plaintiff to return to work.

24.

On or about August 21, 2023, Defendant terminated Plaintiff's employment.

## **First Claim for Relief**

### **ORS 659A.112 – Disability/Perceived Disability Discrimination**

25.

Plaintiff realleges paragraphs 1 through 24 above as fully set forth herein.

///

///

Page 7 – COMPLAINT

26.

At all material times, Plaintiff was a qualified person with disabilities as defined by ORS 659A.104.

27.

Defendant knew about Plaintiff's disabilities at all material times.

28.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disabilities.

29.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including but not limited to subjecting Plaintiff to a hostile work environment, suspending Plaintiff's employment, and terminating Plaintiff's employment. Defendant's actions were substantially motivated by Plaintiff's disabilities, her perceived disabilities, and/or her record of disabilities and constitute unlawful disability discrimination in violation of ORS 659A.112.

30.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic damage in an amount to be proven at trial, including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

31.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer stress, sadness, anxiousness, fear, decreased

Page 8 – COMPLAINT

confidence, negative self-perception, malaise, anger, lethargy, sleepless nights, crying, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in the amount to be determined at trial.

32.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

33.

Defendant's conduct was and is willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

34.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under Oregon law.

## **Second Claim for Relief**

## **ORS 659A.199 – Whistleblower Retaliation**

35.

Plaintiff realleges paragraphs 1 through 34 above as fully set forth herein.

36.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in various ways, including but not limited to subjecting Plaintiff to a hostile work environment, suspending Plaintiff's employment, and terminating Plaintiff's employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

///

Page 9 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

37.

In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

38.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## **Third Claim for Relief**

### **ORS 659A.030(1)(f) – Retaliation**

39.

Plaintiff realleges paragraphs 1 through 38 above as fully set forth herein.

40.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in various ways, including but not limited to subjecting Plaintiff to a hostile work environment, suspending Plaintiff's employment, and terminating Plaintiff's employment in substantial part for opposing unlawful practices prohibited under ORS 659A.

41.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law;

2.  Economic damages and future losses to be determined at trial;

3.  Noneconomic damages to be determined at trial;

4.  Prejudgment and post-judgment interest as appropriate and allowed by law;

5.  Punitive damages in an amount to be determined at trial;

**BAKER LAW PC**
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

6.      Reasonable costs, disbursements, and attorney fees; and

7.      For such other and further relief as the Court may deem just and equitable.


DATED this 20th day of August, 2024.


                        BAKER LAW PC


                        *s/Serena L. Liss*
                        _____
                        Aaron W. Baker, OSB No. 922220
                        Serena L. Liss, OSB No. 154799
                        Attorneys for Plaintiff


Page 11 – COMPLAINT

**BAKER LAW PC**
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800